## ABC Plan Consumer Discount Co. v. Pontier

*T. A. Tenor*, for plaintiff.

*Philip E. Hamilton*, for defendant.

SOHN, J., March 7, 1949.—ABC Plan Consumer Discount Company entered judgment by confession against Mrs. Jeanne Pontier and Albert Pontier. The warrant of attorney to confess judgment appears in a note, which had been attached to a chattel mortgage. The original instrument consisted of a chattel mortgage and a judgment note. The paper was perforated between the mortgage and the note to facilitate removal of the note from the mortgage.

Upon petition of Mrs. Jeanne Pontier, a rule issued to show cause why her name should not be stricken from the judgment. Petitioner avers that she was not indebted to plaintiff, but that her husband did owe money to plaintiff and used the money he borrowed to purchase an automobile and pay his indebtedness. Plaintiff answers that petitioner used the automobile, and that she signed the obligation as comaker voluntarily, and avers that the defense of the Married Woman's Act is not available to her since the Act of May 17, 1945, P. L. 625, secs. 1 and 2. Petitioner avers that she signed the note as accommodation maker, and did not know she was signing a chattel mortgage, and that she was urged to sign the note to place all of her husband's obligations in one instrument.

After signing the note upon which judgment was entered, she was given a chattel mortgage covering a previous indebtedness. Plaintiff admits that when the note upon which judgment was confessed was signed it returned another note and chattel mortgage marked

"paid in full". Petitioner avers that her signature appearing on the returned instrument is a forgery, and when plaintiff learned it held a forged instrument, she was induced by plaintiff to sign the instrument upon which judgment has been confessed. Plaintiff denies that the instrument which was returned was a forged instrument, and avers that petitioner and her husband voluntarily signed the instrument upon which judgment was confessed. Petitioner avers that she had never been indebted to plaintiff, although plaintiff held a forged chattel mortgage against her property. Plaintiff denies that at any time it held a forged chattel mortgage, and avers that the indebtedness was that of both petitioner and her husband. Petitioner avers, and plaintiff admits that execution issued on the judgment and a levy was made on property of petitioner. Petitioner avers that the declaration of default attached to the confession of judgment is defective, in that there is no affidavit of default filed under the terms and conditions of the chattel mortgage.

Petitioner avers that the severance of the note from the chattel mortgage renders both the note and mortgage inoperative and void. Petitioner avers that at the time of signing the note, she became merely an accommodation maker, and is not liable on the mortgage or the note. When depositions were taken, petitioner filed an amendment to the petition alleging that there was no consideration passing to her for the signing and execution of the chattel mortgage and the note attached.

The Act of May 17, 1945, P. L. 625, sec. 1, 48 PS §31, is as follows:

"Hereafter a married woman shall have the same right and power as a married man to acquire, own, possess, control, use, lease, mortgage, sell, or otherwise dispose of any property of any kind, real, personal or mixed, and either in possession or expectancy, and may

exercise the said right and power in the same manner and to the same extent as a married man."

Section 2 of the act, as amended by the Act of April 11, 1947, P. L. 60, sec. 1, 48 PS §32, is as follows:

"Hereafter a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing, or otherwise, but she may not execute or acknowledge a deed, or other written instrument, conveying her real property, unless her husband join in such conveyance. The joinder of the husband in such conveyance may be, (1) by the husband personally, (2) by the wife acting as attorney-in-fact for her husband under a power of attorney duly executed by her husband, or (3) by a third person as attorney-in-fact for her husband under a power of attorney duly executed by her husband."

Under the provisions of the statute the wife could become an accommodation maker of an obligation to secure a debt of her husband.

Petitioner contends that the judgment is void because the note was detached from the chattel mortgage, and there is no affidavit of default as to the chattel mortgage. There is attached to the statement an affidavit of default as to the note.

The Act of June 1, 1945, P. L. 1358, sec. 8, as amended May 23, 1947, P. L. 270, is in part as follows:

"(a) Any chattel mortgage executed pursuant to this act may be filed either, by filing the original thereof, or by filing a true copy thereof duly certified by the prothonotary in whose office the original is filed, (1) in the office of the prothonotary for each county in which the chattels or any portion of the chattels are located at the time of filing such chattel mortgage, (2) if the mortgagor at the time the mortgage is filed, as aforesaid, resided in this Commonwealth but not in a county in which the chattels or any portion of the chattels are located, then, also, in the office of the prothono-

tary in the county in which the mortgagor resides. . . . When so filed, such chattel mortgage shall constitute a lien on the property described therein and conveyed thereby from the time of such filing which lien shall be good and valid as hereinbefore provided: . . .

"(b) Any instrument affecting the lien of a chattel mortgage or its ownership may be filed in each office in which the chattel mortgage is filed, and from the date of filing thereof each such instrument shall be good and valid as against subsequent purchasers, subsequent mortgagees or other subsequent lienors and subsequent encumbrancers, with or without notice thereof, and the fact and date of filing of each such instrument shall be noted by the prothonotary on the margin of the page on which the chattel mortgage is docketed."

Section 15 of the act is as follows:

"Upon default by the mortgagor in the payment of the mortgage debt, either as to principal or interest, or upon default in the performance of any covenant contained in the chattel mortgage or bond or note, the chattel mortgage may be foreclosed by any of the methods authorized by law for the foreclosure of a mortgage, including the entry of judgment on the bond, or note secured by the chattel mortgage. The lien of any levy which may be made upon the mortgaged property by virtue of any execution based upon a judgment entered upon such bond or note shall relate back to the date of the filing of the chattel mortgage. In such foreclosure proceedings the mortgaged chattels may be sold in the same manner as authorized by the laws of this Commonwealth in the case of personal property sold under execution."

Under the provisions of this act we are satisfied there is no compelling reason why the chattel mortgage and the note accompanying the mortgage may not be in separate instruments or if executed in such manner

that they may be detached, why they should not be detached one from the other.

We believe an affidavit of default as to the obligation on the note is sufficient to warrant confession of judgment. It is to be observed that the allegation as to forgery relates not to the note upon which judgment was confessed, but rather to an obligation paid upon the execution and delivery of the note in question and returned marked "paid in full' to petitioner and her husband, when the note involved in this case was delivered to plaintiff.

The instrument is under seal, which imports consideration.

In 7 Standard Pa. Practice 170, the following statement appears:

"Moreover, it is a general rule that a judgment regular on its face may not be struck off or vacated. The judgment may not be struck off, under this general rule, where no defect or irregularity appears upon the face of the record. An application to strike off the judgment is not the proper remedy where there is an issue of fact as to the grounds for relief. Accordingly, facts dehors the record do not justify the court in striking off a judgment. However, such remedy is proper where the facts showing the irregularity or invalidity of the judgment are on the record by the petition to strike off, and are admitted or not denied by the other party. Indeed, there is even authority that a judgment may be struck off where sufficient uncontradicted facts are conclusively shown by the depositions or evidence. It was said in such cases that the court could consider the undisputed facts as a part of the record. In any event, it is clear that the striking off of a judgment is a proper remedy for errors or irregularities which appear on the face of the record."

Petitioner in this proceeding seeks to have her name stricken from the record. This is not a petition to open

the judgment. We are satisfied that no such irregularities appear on the face of the record as would require that the name of petitioner be stricken from the record.

### Order

And now, to wit, March 7, 1949, for the reasons stated in the foregoing opinion, the rule issued at the above number and term is dismissed; costs to be paid by petitioner.